## In re LAW.
### No. 2617.

Court of Customs and Patent Appeals.
Feb. 11, 1931.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Judge.

From a decision of the Board of Appeals affirming that of the examiner, refusing to allow claim 3, being the only claim in the case, the applicant has appealed to this court. Claim 3 reads as follows:

"3. A railing comprising a vertically arranged lower post adapted to be secured to a support and having a threaded end; a cross-fitting provided with a horizontal run and oppositely disposed vertically arranged threaded nipples, one of which is engaged by the threaded end of the lower post, an upper post having on one end a left-hand thread and on the other end a right-hand thread, one end of said upper post adapted to engage the other threaded nipple of said cross-fitting, a tee fitting having a horizontal run and an interiorly threaded nipple adapted to engage the other end of the upper post, a rail in the run of the cross-fitting and a rail in the run of the tee fitting, the ends of said upper post being adapted to impinge upon the respective rails at the same time and lock them firmly in place when said upper post is turned in one direction."

The railing, which is sufficiently described in the claim for the purposes of this decision, is designed to be used as a fence, or for interior use along stairways or other places where railings are necessary.

The references relied on are as follows:

Black et al., 339,368, April 6, 1886.
Molloy, 824,501, June 26, 1906.
Molloy, 824,502, June 26, 1906.

Appellant claims that none of the references discloses his invention and that his railing is a successful and needed improvement over the prior art.

As we view it, appellant's disclosure consists of the main features taken from the three references, the combination of which requires nothing more than mechanical skill.

We agree with the Board of Appeals that the applicant disclosed no patentable invention not disclosed in the prior art, and the decision of the Board of Appeals is affirmed.

Affirmed.